1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RONALD EDWARD KNIGHT,                    CV F   01-6505 OWW SMS P

               Plaintiff,          FINDINGS AND RECOMMENDATION TO
                                          DISMISS ACTION AND DENY MOTION FOR
   v.                                     SUMMARY JUDGMENT AS MOOT (Docs. 1,
                                          82, 83)

ETHRIDGE, et. al.,

               Defendants.

_____/

     Ronald Edward Knight ("Plaintiff") is a state prisoner proceeding pro se and in forma

pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

     On May 31, 2005, Defendants filed a Motion for Summary Judgment.   However,

Plaintiff did not file an Opposition as required by the Local Rules.  Local Rule 78-230(m).

Thus, on October 13, 2005, the Court issued an Order directing Plaintiff to file an Opposition or

Statement of Non-Opposition.  Plaintiff was afforded thirty days in which to submit the pleading,

however, more than thirty days passed and Plaintiff did not comply with the Court's order.  In

1    addition, the Order served on Plaintiff was returned to the Court by the U.S. Postal Service as

2    undeliverable.[1]

3         Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these

4    Local Rules or with any order of the Court may be grounds for the imposition by the Court of any

5    and all sanctions . . . within the inherent power of the Court." District courts have the inherent

6    power to control their dockets and "in the exercise of that power, they may impose sanctions

7    including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d

8    829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's

9    failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

10   See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with

11   local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

12   comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833

13   F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

14        In determining whether to dismiss an action for lack of prosecution, the Court must

15   consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the

16   Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

17   policy favoring disposition of cases on their merits; and, (5) the availability of less drastic

18   alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856

19   F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving

20   this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this

21   case has been pending since December 3, 2001. The Court cannot hold this case in abeyance

22   indefinitely awaiting compliance or contact by Plaintiff.

23        The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a

24   presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

25   Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy

26   favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of

27

28       [1]The Court reserved the Order on Plaintiff at his last known address at least twice since the first attempt at
service. However, this pleading was also returned as undeliverable.

1   dismissal discussed herein.

2          Finally, the court's warning to a party that failure to obey the court's order will result in

3   dismissal satisfies the "considerations of the alternatives" requirement. <u>Ferdik v. Bonzelet</u>, 963

4   F.2d at 1262; <u>Malone</u>, 833 at 132-133; <u>Henderson</u>, 779 F.2d 1424.  The Court's order dated

5   October 13, 2005, expressly stated that Plaintiff's failure to file an Opposition or Non-Opposition

6   would result in a recommendation that the action be dismissed for Plaintiff's failure to obey a

7   court order and prosecute the action by filing an Amended Complaint.

8                                    <u>RECOMMENDATION</u>

9          Accordingly, the Court RECOMMENDS that the instant action filed pursuant to 42

10  U.S.C. § 1983 be DISMISSED for Plaintiff's failure to comply with a Court Order and that the

11  pending Motion for Summary Judgment be DENIED as MOOT.

12         This Report and Recommendation is submitted to the United States District Court Judge

13  assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of

14  the Local Rules of Practice for the United States District Court, Eastern District of California.

15  Within fifteen (15) days after being served with a copy of this Report and Recommendation, any

16  party may file written objections with the Court and serve a copy on all parties.  Such a document

17  should be captioned "Objections to Magistrate Judge's Report and Recommendation."  Replies

18  to the Objections shall be served and filed within five (5) <u>court</u> days (plus three days if served by

19  mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling

20  pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections

21  within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez</u>

22  <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

23  IT IS SO ORDERED.

24  **Dated:    January 10, 2006**                    **/s/ Sandra M. Snyder**
    icido3                                   UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                              3